### DUHME v. HAMBURG-AMERICAN PACKET CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. NEGLIGENCE—RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur is applicable where plaintiff, having, with the sanction of defendant steamship company, entered on its wharf to await the arrival of a steamer, was injured by the parting of a steel hawser employed by defendant in bringing the vessel alongside the wharf.

2. APPEAL—REVERSAL AND REMAND.

Where, in leaving the case to the jury, the court erroneously eliminated the doctrine of res ipsa loquitur, the only thing authorizing a verdict for plaintiff, and after verdict for plaintiff dismissed the complaint, the verdict will not be reinstated on reversal of the case, but a new trial will be granted.

Appeal from Trial Term, Kings County.

Action by Charles Duhme, an infant, by Henry Duhme, his guardian ad litem, against the Hamburg-American Packet Company. From an order setting aside a verdict for plaintiff and from a judgment on dismissal of the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Nathan D. Stern, for appellant.
Frank Verner Johnson, for respondent.

WILLARD BARTLETT, J.   I think that the doctrine of res ipsa loquitur is applicable to a casualty of the character disclosed by the proof in this case, occurring under the circumstances established by the evidence.   The plaintiff, with the sanction of the defendant steamship company, entered upon its wharf to await the arrival of an incoming steamer upon which he expected a relative. While there he was injured by the parting of a steel hawser employed by the defendant's servants in bringing the vessel alongside the wharf.   In the ordinary course of docking steamships this is an accident which does not happen if reasonable care is exercised.   The hawser was wholly under the control and management of the defendant when the shackle broke which caused it to give way.   "If an implement like this, the breaking of which is attended with danger, breaks in the proper use of it for the purpose for which it was designed, it is some evidence that it is defective in the sense that at the time it is not safe or suitable for the use to which it is put." Coleman v. Mechanics' Iron Foundry Co., 168 Mass. 254, 256, 46 N. E. 1065.   The exercise of reasonable care by a wharf owner toward those who come upon the structure by his implied invitation demands the use on his part of appliances which shall not be so defective as to be dangerous to such visitors.   On the other hand, there may have been no defect in the shackle, and the accident may have been occasioned wholly by the excessive strain to which it was subjected, or some other improper manner in which it was used in mooring the steamship.   Either view authorizes the inference of negligence, in the absence of explanation by the party possessing and exercising exclusive dominion over the agency by which the injury was effected.   See Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

In leaving the case to the jury, however, the learned trial judge eliminated the doctrine of res ipsa loquitur, declining to charge that proof of the accident and the surrounding facts and circumstances would suffice to authorize an inference of negligence.   The following extract from the charge shows the instructions which were given on this branch of the case:

"Was there any negligence on the part of the defendant in providing the shackle in use? * * * Was the defendant guilty of any negligence? * * * Was there reasonable inspection? For the defendant company was burdened with the reasonable inspection of these implements—this hawser and this shackle. Was there any negligence on the part of the defendant in the use of the shackle? Did it know of any fault in the shackle, or should it have known of such fault if exercising reasonable prudence and care?"

The jury rendered a verdict of $750 in favor of the plaintiff, and the court then, passing upon a motion to dismiss, the decision of which had been reserved by consent of counsel, set aside the verdict, and directed judgment dismissing the complaint. If the views which I have expressed are correct, this dismissal was erroneous. The appellant asks us to reinstate the verdict, arguing that it may

be supported on the ground that the proof showed the defendant to have been negligent in inviting the plaintiff and others who were present on the occasion of the accident to a position of peril on the wharf. No question of this kind, however, was submitted to the jury, and it would not be fair to the defendant to sustain the verdict on any such basis. The proper course upon this record is simply to reverse the judgment entered upon the dismissal and grant a new trial, inasmuch as it is impossible to understand upon what theory the jury arrived at their verdict in view of the evidence and the instructions given.

Judgment reversed, and new trial granted; costs to abide the event. All concur.